IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-031 |
| | ) | |
| PATRICK SHANE O'FERRALL | ) | |

**MEMORANDUM AND ORDER**

The defendant pled guilty to possession of child pornography and will be sentenced on August 15, 2013. Some of the images he possessed were from the "jan_feb" pornography series. "L.S.," a minor female, is the subject of the jan_feb images. She has filed a request for victim restitution, seeking at least $150,000.00 from the defendant.

The court has twice ordered the parties to brief the restitution issue, both prior to and after the recent ruling of the Sixth Circuit Court of Appeals in *United States v. Gamble*, 709 F.3d 541 (6th Cir. 2013). In response to those orders, the defendant submitted a total of <u>less than three pages of briefing</u>. [Docs. 27, 35].

Having allowed the parties two opportunities to fully present their respective positions, the court then issued a preliminary restitution order on May 23, 2013 [doc. 36], explaining its intention to impose restitution in the approximate amount of $10,183.53. Now before the court is the defendant's May 31, 2013 "Motion for Reconsideration and Request for Evidentiary Hearing" [doc. 38], a 16-page document accompanied by a 185-page

appendix. Therein, the defendant alleges "mistakes of fact" by this court and further contends that "the Sixth Circuit quite literally failed to read the fine print" in *Gamble*.

The government has not responded to the motion. For the reasons that follow, the motion will be granted in one respect and denied in all others.

I.

*United States v. Gamble*

In *Gamble*, the Sixth Circuit ruled that "[o]ne fair reconciliation [of the problems involved in quantifying individual restitution obligations in multi-possessor cases] . . . is to apportion restitution awards using the formula advocated by the Government" in that case. *Gamble*, 709 F.3d at 553. The prosecution in *Gamble* suggested that district courts first determine "the pool of a victim's provable losses that are not traceable to a single defendant," and then divide that amount by "the number of convicted possessors." *Id.* at 554. The Sixth Circuit agreed that "the number of convicted possessors is a reasonable divisor." *Id.* The government in *Gamble* submitted a chart compiled by the Child Exploitation and Obscenity Section of the Department of Justice ("CEOS"). It was the number of convicted possessors shown on that CEOS chart (pertaining to a different victim) that the Sixth Circuit found to be both a "number of convicted possessors" and a "reasonable divisor." *Id.*

A similar CEOS chart, pertaining to victim L.S., has been provided to this court. That chart lists, to date, 80 other federally-convicted possessors of jan_feb images, resulting in a current divisor of 81 (the instant defendant plus 80 others). The court will

2

utilize that source in this case but has ordered the United States to submit an updated chart no later than August 9, 2013.

The government acknowledges that its CEOS chart does not in fact list all persons convicted of possessing L.S.'s images. [Doc. 34, p.7 n.3]. Instead, the chart is based only on self-reported data from federal prosecutors. Such was the case in *Gamble* as well.

The defendant now complains that the "the government's haphazardly-collected data" leads to an artificially low divisor. He further contends that "the Sixth Circuit quite literally failed to read the fine print" when it referred to the CEOS chart as showing "the number of defendants convicted of possessing the victim's image" when it fact the chart captures only *federally*-convicted possessors, and not all of them.

This court first notes that *Gamble* is a published opinion of the Sixth Circuit and as such is binding authority. This court intends to follow binding Sixth Circuit authority.

In the meantime, this court again [doc. 36, p.8] recognizes that the CEOS chart does not produce a perfect divisor. However, it is a method approved by the appellate court, and the present defendant has not identified a more reliable option. Defendant argues only that L.S. should be directed to disclose how many restitution requests she has made to date. The court does not consider that method to be any more precise than the CEOS chart, which at least bears the reliability of listing only those persons for which an award of restitution has been found warranted. *See Gamble*, 709 F.3d at 554 (observing that the CEOS chart shows

3

a "culpable and identifiable population," and cautioning that district courts will face "reliability issues . . . when dealing with unconfirmed numbers.").

*Gamble* further cautions that, "[o]n top of reliability issues that district courts regularly must confront when dealing with unconfirmed numbers, . . .a district court must ensure that the award of restitution is not nominal." *Gamble*, 709 F.3d at 554; *see also United States v. Kearney*, 672 F.3d 81, 100 (1st Cir. 2012) ("In calculating the dollar figure owed in restitution, the court need only make a reasonable determination of appropriate restitution. . . . Absolute precision is not required. . . . Moreover, the district court has leeway to resolve uncertainties with a view towards achieving fairness to the victim.") (citations and quotations omitted). The restitution that will be awarded in this case is appropriate in light of the lifelong harm that the present defendant has caused L.S. by way of his chosen conduct. *Cf. United States v. Bistline*, 665 F.3d 758, 766 (6th Cir. 2012) (The crime of child pornography "inflict[s] great harm upon" the subjects of the images.).

The defendant has now submitted two briefs post-*Gamble* and has failed to suggest a more reliable divisor than that approved by the Sixth Circuit. The court will apply the divisor set forth in *Gamble* and anticipates no further briefing or argument on this issue.

II.

*Expert Fee*

Attached to L.S.'s restitution request is a July 1, 2010 victim impact report prepared by forensic pediatrician Sharon W. Cooper. Dr. Cooper's expert fee is $7,500.00,

4

which the court finds to be reasonable. The defendant now complains that the court intends to order him to pay restitution including the entire expert fee. [Doc. 38, p. 8-9]. The defendant has misread the court's ruling.

In its prior order, the court included the $7,500.00 fee in L.S.'s total amount of provable losses that are not traceable to a single defendant. Again, that total will be divided by the number of federally-convicted possessors shown on the prosecution's updated CEOS chart, meaning that the present defendant's restitution will include only a portion of Dr. Cooper's bill. The defendant's expert fee complaint is therefore unfounded.

### III.

*Expert Report*

The defendant next complains that Dr. Cooper's report is inaccurate and unreliable, if not "wrong." The court will again [doc. 36, p.3] state that it has reviewed Dr. Cooper's report and finds it to be credible and persuasive as it pertains to psychological harm. The court sees no need for an evidentiary hearing. Again, "In calculating the dollar figure owed in restitution, the court need only make a reasonable determination of appropriate restitution. . . . Absolute precision is not required." *Kearney*, 672 F.3d at 100; *see also United States v. Estep*, 378 F. Supp. 2d 763, 766, 768 (E.D. Ky. 2005) (recognizing Dr. Cooper as "a nationally recognized expert in the area of Forensic Pediatrics" who is "very well credentialed and qualified to give expert opinions" notwithstanding "the difficulty in

5

predicting the various problems a child victim of sexual abuse and/or exploitation may develop at some stage of the victim's life . . . .").

IV.

*Attorney Fees*

As the court specifically noted in its prior restitution order, defendant did not offer any objection to L.S.'s $5,000.00 attorney fee request despite having been allowed two opportunities to do so. [Doc. 36, p. 8-9]. The objection has now been raised and conceivably has merit. Counsel for L.S. will therefore be ordered to provide further documentation supporting the fee request.

V.

*Conclusion*

For the reasons provided herein, defendant's "Motion for Reconsideration and Request for Evidentiary Hearing" [doc. 38] is **GRANTED IN PART**. No later than August 9, 2013, counsel for L.S. shall file documentation supporting the $5,000.00 attorney fee request. The Clerk of Court is directed to mail a copy of this order to the attorney at the following address:

>    John Ratcliffe
>    Ashcroft Sutton Ratcliffe LLC
>    1700 Pacific Avenue
>    Suite 3600
>    Dallas, TX 75201

6

In all respects other than the issue of attorney fees, defendant's motion [doc. 38] is **DENIED**.

**IT IS SO ORDERED:**

ENTER:

  s/ Leon Jordan  
United States District Judge